Case 24-1099 United States of America v. Armani DavisMalone Argument not to exceed 15 minutes per side Mr. Martin, you may proceed for the appellant Thank you and good morning Hello again Benton Martin on behalf of Mr. DavisMalone and I'm reserving 4 minutes for rebuttal What we're asking for in this case is a remand because the district court explanation for denying the request for a reduction in sentence sentence modification request was not sufficient and primarily we're relying on two Supreme Court cases which is Conception and Chavez-Mesa Didn't Chavez-Mesa have an almost identical form order as this one? It did Well, I think these form orders are usually used everywhere So the form order is very standard But what, I mean that's a good question because I think that the government primarily relies on a comparison to Chavez-Mesa and I'd like to explain why I think the unique circumstances here are different and I think that Chavez-Mesa was very clear that this is a circumstance specific situation and did not say, was very careful to say that that form order would not be sufficient in every case and that in some cases, and this is a quote from Chavez-Mesa in other cases more explanation may be necessary Why here when the district court recognizes the guideline range says I sentenced you within the guideline range in fact gave you a variance last time and so it seems like he took account arguably of all these things in the 3553A factors and we're really arguing about three months it's still within the guideline, within the new guideline range even if we were reviewing this on direct review I mean I would struggle of a sentence A few reasons One, I think that that's a little bit more than what the judge said in terms of giving an explanation But in Chavez-Mesa, I want to be clear about what was going on there Unlike in this case, there was no downward variance It was already a guideline sentence in that case and they did not have a government agreement which I think is a big difference in this case that a reduction was appropriate But the district court's not bound by that I mean there's government agreements all the time district courts don't follow Of course I don't know why that's even a moment really in the question of did the district court basically abuse its discretion in denying this reduction Why I think it matters I mean if we were talking about three years it might be one thing but three months Why I think it matters is that in Chavez-Mesa they go through pointing out that the government had pointed out that Mr. Chavez-Mesa had moderate prison disciplinary issues and then the district court in that case, in Chavez-Mesa gave a reduction, just not the full requested reduction and they said what more was there to say when the government was making clear why there would be a reason not to give the requested reduction Why I think there's a difference here is that conception makes crystal clear that district courts bear the standard obligations that they have to explain their decisions and I think critically the language is demonstrate they considered the party's arguments and make clear that they reasoned through the party's arguments and here the district court did not acknowledge that there was a stipulation I think we'd be in a very different situation if the district court had said I acknowledge the parties agree, I disagree with that So we have a unique circumstance I mean some district judges don't even let the government speak But here we do have The government is in some sense not as relevant and here he took account of everything when he originally sentenced him What he had a range of 70 to 87, he gave him 60 So he downward buried and he basically by denying it in the forum order he said I recognize the new range and I'm staying where I'm at because that's what was justified I don't think he says necessarily that's what was justified This goes to my other concern Is there a magic words test for district judges in doing these? No and there's no hard and fast rule That's what the Williams case says But that raises my other concern I had with this particular order is that we had judges because we hadn't had a retroactive reduction like this in the last 10 years who thought that if you were still within the amended range they couldn't reduce your sentence I have trouble believing the judge in this case thought that because both parties conceded that he was eligible and the relevant guideline makes quite clear that you can reduce a sentence down to the minimum of the new guideline So it seems to me you're relying on quite a bit of speculation to suggest that the judge thought that he was ineligible If we interpret this order against the background rules which I'm inclined to do the background or the context would include the parties agreements that he's eligible the relevant guideline that makes clear that he's eligible to the minimum And so what on the other hand would suggest that the court disagreed with both the plain text of the guideline and that agreement? Those parties This concern goes more to my problem with the lack of explanation I think the judge could have just been far It would have needed only just a few more sentences to say So there's the legal question, did he err? And then there's the discretionary question, did he balance appropriately? I'm inclined to think that if there is any doubt on the legal question we should interpret it in the light most favorable to a district court I just don't see anything in here suggesting to me that the judge At most it's ambiguous But otherwise I don't see anything in here suggesting that the judge thought that your client was ineligible for any reduction below 60 All right, I understand the court's point I think ambiguity favors at least a remand for explanation I did want to say the other arguments I thought were overlooked which was that unlike in Chavez Meza I mean this guy had really remarkable rehabilitation in terms of if you go back and read the sentencing transcript and the judge had said I want you to get your GED He went to prison and immediately went and got his GED which is not a small task for someone that doesn't have that kind of educational Does that cut both ways though? Because I mean we're supposed to look at the original sentencing transcript too in the context of whether an order is sufficient And it seemed like it was almost an expectation on the judge's part that your client would get his GED So that kind of was already baked into the original sentence I think meeting that expectation was something that warranted I think it's hard to say that's not a substantial non-frivolous argument And when you look at what kind of explanation is required under conception if there's a non-frivolous argument it has to be addressed by the district court It has to be considered Do you think if there was one more sentence like a stock sentence that a judge issued in every case I have considered the party's arguments or I have considered the defendant's arguments and I don't find them persuasive period that that's all he had to do here? I think what we know from the Supreme Court is that it's context specific And so I would hesitate to say blanket that that's appropriate because that's what the Supreme Court has told us You have to look at the unique circumstances of each case and decide whether the district court has made clear that it reasoned through the party's arguments And it wasn't just the GED He had joined UNICOR which was above and beyond It's an amazing program And he remained discipline free which is a big difference from CHAMES Wasn't all that attached to the motion that the district court looked at in determining whether to grant the reduction? So the judge actually The order itself says that he was acting on his own motion which appears to me like he overlooked the pro se motion altogether because there was a pro se motion that did attach all of these things It attached the GED certificates It attached his parenting program It's on this JOD program certificates The district court I think pretty clearly I mean there's a box there to say on motion of the defendant did not even check that So there's really strong evidence here that these arguments weren't considered I did just briefly in my time left The two cases that I think that I've seen that are published after Concepcion came out are Williams which was the 7th Circuit decision I cited and then I'm going to pronounce it wrong but Dominack which I think two judges on this panel were on that case where they found that there wasn't where there was a remand in that case It's a published decision for further explanation and really as I read and I may be wrong the key part of Dominack is this failure to reason through show evidence of reasoning through the parties arguments but in Dominack we had the district court acknowledging the arguments that were made and it was an 11 page order in that case explaining the denial of the modification So we had them acknowledging the arguments and writing something If that doesn't pass the test I think this just is so far below what is required in terms of the standard obligation of the district court to demonstrate that they've reasoned through the arguments that were made I'll save the rest for rebuttal Good morning Pardon me May it please the court Erin Rava-Murthy on behalf of the United States The district court was within its discretion in this case to deny a three month sentence reduction under 3582C I want to touch briefly on the standard of review point I don't know if that's something the panel wants additional argument on but to the extent that they do my opponent has creatively but I think incorrectly argued that there's any evidence in the record to suggest that the district court was unaware of its authority to reduce Davis Malone's sentence As the panel discussed with Mr. Barton previously it was clear from the record that the district court understood what the new guideline range was understood that he was eligible for a Due to a technical issue this section of audio was not captured under the party's stipulation I think it's unclear whether he was required to consider the pro se filing in this case Explain to me why I'm struggling with the idea I recognize it's not a plenary resentencing but it is in fact a resentencing that includes the standard things that a judge is supposed to look at and acknowledge that the judge is recognizing if the government didn't move to strike the pro se filing and if the pro se filing provided information about the whole defendant and contained non-frivolous arguments why doesn't the judge have to look at that and acknowledge it? Well judge I don't think the court is required to look at it because the defendant was represented in this case Well then wasn't it your job to move to strike it? Or the judge's job to say I'm not considering that The problem is the blind activity This is not a black box that the court gets to check mark and even here failed to check mark that there was another motion before them I mean it is still a resentencing and I'm struggling I struggle a little bit frankly with the AO's form I understand Courts can be inundated but that doesn't change the fact that it is an individual case before them and they have to consider the important things in making their determination and one of the goals of this is to convey to the defendant why you get it or you don't get it and in this case I find it distinctly important because what we've got is a person who went and did what the court asked them to do sometimes they order it and the guys don't do it but here he accomplished exactly what was requested of him and then he got work and then he went on and did not have any disciplinary infractions on his record which I think is a distinguishing factor from some of the other cases in which the judge effectively said you went back to jail but you didn't act wrong so I'm not giving you a benefit what we have here is a request and I understand it's only three months but it's for a person who did everything that was asked of him and more and yet the order has no indication that those things were considered Well Judge I would first direct you back to the original sentencing in this case which Chavez Meza doesn't just suggest it directs us that when we look at a resentencing in this context we look at the context and we look at the record in its entirety and that record includes the initial sentencing which occurred less than a year I believe it was about nine months prior to this and Judge Drain was very thorough in his original sentencing of this defendant gave ample explanation for why he was giving the defendant the 60 month sentence talked about the particulars of this defendant's criminal history talked about the fact that the defendant had re-offended a number of times talked about the length of prison time that the defendant had previously done in conjunction with all of the other 3553A factors that the court was required to consider I think what's reflected in the court's order is the fact that we have the same sentencing judge reviewing a modest request to reduce a sentence that is already within the new guideline range that everyone agrees applies and the judge said I got it right the first time and we can't ignore I don't dispute that I think those are important component considerations but then in your response let's say it had been three years or four years or five years are you telling me that the judge has no responsibility to look at the prison record following the sentencing? Why isn't that part of the argument? And a non-frivolous argument for that individual to say not only did I do what you said but I have zero disciplinary infractions and anybody you know well in your job that's not an easy task No, it's not and I believe that the court did consider that even if the court for some reason did not consider the pro se motion because of the hybrid representation issue We don't know that he didn't consider it because of hybrid we don't know because he didn't even check mark it which is why your opposing counsel says I don't think you looked at it I would also point out Judge that the classes that the defendant took because that's really what it boils down to it boils down to in the nine months that he was in prison he took classes and didn't have any disciplinary issues which I agree is not Unicorn? I believe so Judge Yes Well what else was asked of him in prison? Well he was asked to serve 60 months which is the court's original sentence in this case and the reason his guideline range was reduced is because the sentencing commission decided to remove the extra points for committing offense while on probation and no one disputes that that applied to him no one disputes That was in the original sentencing I don't think there's a dispute there you're correct Correct but I don't think that the judge was required in the order in this case to give a point by point rebuttal or specifically address every course that the defendant took in the nine months that he had been in prison That's not what's being asked what's being asked is whether he acknowledged non-frivolous arguments even if all he did was acknowledge them and say no I don't believe he did not acknowledge them I believe what the court is required to do is say enough to affect meaningful appellate review and that appellate review does not just include the order in this case it includes the initial sentencing in which he was very thorough and very specific to this defendant about why he was sentencing him to six months and I will also point out the issue of the courses that the defendant took that was reflected in the probation memo in our district we have a procedure where the probation department files a 1B1 memo indicating that the defendant is eligible that was reflected on the docket in this case and that reflected the fact that the defendant had taken courses in prison I was going to ask about that how does the process work with the  I'm looking at the docket now did the  office just file these types of R39 retroactive memorandum does the probation office in the  just file these for all potential defendants so the system we came up with in our district was that really the U.S. attorney's  and the federal community defender worked together to identify defendants they believed were going to be eligible for these reductions once that list was compiled the probation department assessed each defendant and said we believe they are eligible or we don't believe they are eligible filed the memorandum indicating we believe this defendant is eligible reflected the fact the defendant had taken courses in prison et cetera and then it's up to the parties to either stipulate make a joint recommendation to the  or in some cases disagree and say the  recommends X amount of time the defense recommends X amount of time in this case the  and the defense agreed to recommend 57 months and then it is up to the court to decide whether to grant that request is there anything I'm looking at   not in R39? I can't speak to every word of the  judge I know the motion focused heavily on the behavior of the defendant in prison and the courses he had taken and attached copies of the certificates do I think it was materially different from the information contained about the courses he completed? No. I don't. Can I ask a question about procedure does the  district of  have the standard form that says when you're  by  we won't consider pro se filing? I've certainly been on cases where the judge has stricken filings for that very reason I don't know whether there is a standard form used but certainly judges in our district do frequently strike pro se filings if you have a hybrid representation situation. But you don't    Even if we assume that the pro se filing was properly part of the docket here I don't think it changes the  The reason for that really is the strength of the judge's initial sentencing in this case. Again we are not just encouraged to look at the context and the record as a whole. I don't think we can ignore it. Here is my concern with these AO orders. I recognize it is a huge influx when they do something retroactive and that is a major burden on a district court. I am not disputing that and I am sure that is why it resulted in forms. But to me that makes it even more important that the form boxes that need to be checked are checked because that provides information to the defendant and to the  And that there be some core requirement for explanation. And what seems to me the argument that happens with these forms is that you come before me a year ago or when this first started and there was maybe a whole paragraph here and then that got approved and then the next person that comes before the court says we are a little bit less and those can be approved and then you are standing before us today we have got two lines. And the argument is once again that is close enough to our precedent. The danger is not being cognizant that we are in an ever declining explanation world here. And that at some point the question becomes are we ignoring non-frivolous arguments and are we explaining? Everything you argue about the same judge, the original sentencing, all of that is fair and it is important. But it does not convey to the defendant or the public why this form gives you the answer to what a judge has looked at in resentencing. And it does not help me a lot to hear it is only three months because it is not just three months.    sensitivity of that defendant that is very helpful. You do what the judge says. You get the job. You do the learning. You get the GED. And you don't get in trouble. Then we are going to see that you have done that. And we are going to respond to it. And my concern is this ever declining requirement just eviscerates that conveyance of information. I see that my time has  I think you can answer. Thank you, Judge. A couple of things. I would say that first there is also a danger of over burdening district courts in situations like this. And I believe that is why the Supreme Court and this court has recognized the ability for judges to use form orders like this when you have a conceptually simple request such as this. Second, I disagree that it is unclear from the court's order to the defendant or to anyone why the judge should use form     the Supreme                       Court. I would also point out and my opponent cites heavily to Concepcion in their reply brief.  acknowledges that a judge does not need to give a point-by-point rebuttal. And doesn't need to agree with        everything that the movements put before it. It just needs to be clear from the context and from the record that those issues were considered and that we can understand from the court's order why it did what it did. Do you think it would be different? Suppose the original sentence instead of 16 months was 120 and the new guidelines range was 57 to 71. Do you think it would be an abusive discretion to have this type of order when it would essentially represent a significant upward variance from the new guidelines range? I do think that we would expect more explanation from the district judge in that situation. Even in Chavez Mesa, the original sentence was at the low end of the original guideline range. The  reduced it to be within the new guideline range. Even from those facts, I think we can discern that yes, if the judge had originally given him a sentence that was above the new guideline range, we would expect a district court to provide additional explanation for why they were sticking with that original sentence. Thank you. I want to clarify a couple of things that we're not asking for. We're not asking that he get this reduction or for this court to say that he gets this reduction. We're only asking for a remand for further explanation. I agree that it does not need to be a point-by-point recitation. He doesn't need to explain why he doesn't think the getting of the GED is a persuasive reason. We've handled hundreds of these in the Eastern District of  I was in charge of our side for our office dealing with these motions. In some cases, it really is clear and a judge marked a box because the person was ineligible. We got a  report that said he's ineligible. There's no way the parties agree he's  Check the  There's nothing we're going to say in addition. In other cases, the parties disagreed. Even this judge wrote opinions saying here's what I think about the party's  In a lot of cases where the two parties wrote competing sides, that's what we got as a result was something with an explanation and we conveyed to our client look, he thought about your arguments and they're not persuasive. There's nothing to appeal here. He addressed everything. This is the unique case out of the hundreds that we've done where there were really good arguments. I think serious arguments to grapple with. There was one additional certificate that he put in his motion about a parenting class that had not been reflected in the we called them 1B 1.10 reports which is a mouthful. But there were very serious I believe non-frivolous reasons for the judge to consider granting this type of reduction. So when we look at this unique circumstance, there had to be some acknowledgement of those arguments being made and that's all we're really asking for is for the court to make clear that he has considered those arguments. And the other issue with this particular form is that it does reflect that policy statements must be considered and sentencing factors, the 3553, must be  But it does not include a reference to the record which is often in some of the  versions that have been found acceptable. The linguistic aspect of  the explanation in the paragraphs make reference to having reviewed the entirety of  And my read of this is that that is not in this form or in this form's  I agree with you, Your Honor. There is not a recognition on this order that the judge considered the record including the substantial record. If all we're asking for is one sentence that I considered the record, I don't think that's going to really move the  I mean, the judge will just put that in in every case. I don't really see the benefit of that. I mean, I think the assumption should be that the  considered the record. Now, if there's particular circumstances that would suggest not I think maybe the argument about the pro se motion and whether that was considered that might be a good exception to the norm, but why don't you think the norm should be that the judge has considered everything unless there's special circumstances? I think because of what the Supreme Court has told us about the standard obligation of district judges to give an explanation to non-frivolous arguments that are set before it. So when we look at Concepcion and Chavez Meza, they've said and Concepcion does a little more to say where that obligation comes from, really calls it just long running and well established that we need to be explaining why or judges need to be  explaining why decisions are made. And I think that's where that comes from. In a conceptually simple case that could be enough in some circumstances, but when you've got somebody who's  compelling arguments and they go completely unacknowledged, I think that's where you run into a difficult  And it is one that repeats before us all the time. So thank you for your arguments and your briefing. The case will be taken under advisement and an opinion issued in due course. You may call the next case.